**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DONALD T. GAZAWAY,**

**Plaintiff,**

**v.**

**Civil Action 2:26-cv-888**
**Judge Michael H. Watson**
**Magistrate Judge Chelsey M. Vascura**

**OHIO DEPARTMENT OF CORRECTIONS, *et al.*,**

**Defendants.**

**ORDER and REPORT AND RECOMMENDATION**

Plaintiff, Donald T. Gazaway, sues the Ohio Department of Corrections and several Noble Correctional Institution employees for cruel and unusual punishment in violation of his Eighth Amendment rights under 42 U.S.C. § 1983. (Compl., ECF No. 1-2.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 2.) Plaintiff must pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1).

Plaintiff's certified trust fund statement reveals that he has $18.44 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A749766) at the Noble Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.

## I. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. ANALYSIS

Plaintiff alleges that on May 29, 2024, Corrections Officer Pitts turned off the water to Plaintiff's cell without proper authorization. Plaintiff asked Pitts and other officers to turn the

water back on, but they refused for an unspecified period of time. (Compl., ECF No. 1-2, PAGEID #11.) Plaintiff filed several grievances in connection with the May 29, 2024 water shutoff, which were granted in part, finding that Pitts admitted to shutting of Plaintiff's water without proper authorization from a supervisor. (Grievance #452838391, ECF No. 1-2, PAGEID #34.) Plaintiff also alleges that Pitts and other officers continue to harass and retaliate against him in unspecified ways in connection with this incident to this day. (Compl., ECF No. 1-2, PAGIED #11–12.) As relief, Plaintiff seeks compensatory and punitive damages. (*Id.* at PAGEID #14.)

The undersigned construes Plaintiff's Complaint to advance (1) an Eighth Amendment conditions-of-confinement claim arising from the May 29, 2024 water shutoff, (2) an Eighth Amendment conditions-of-confinement claim arising from Defendants' continuing harassment, and (3) a First Amendment retaliation claim arising from Defendants' continuing retaliation for Plaintiff's grievances in connection with the May 29, 2024 water shutoff. All of these claims must be dismissed.

First, Plaintiff's conditions-of-confinement claim arising from the May 29, 2024 water shutoff are time-barred. "In § 1983 suits, the applicable statute of limitations is determined by state law, while the date on which the statute of limitations begins to run is a question of federal law." *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017) (cleaned up). Ohio Revised Code § 2305.10 sets forth a two-year statute of limitations for § 1983 claims. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). That statute of limitations "begins to run when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009). Plaintiff filed the instant action on July 23, 2026. (ECF No. 1.) Thus, claims accruing prior to July 23, 2024, would generally be untimely. Because the May 29,

2024 water shutoff occurred prior to July 23, 2024, his claims arising from the water shutoff must be dismissed as time-barred by the applicable two-year statute of limitations.

Next, although Plaintiff alleges that harassment in connection with the water shutoff continues to this day, his harassment allegations fail to state a conditions-of-confinement claim on which relief can be granted. The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 932–33 (1994) (cleaned up). *See also Helling v. McKinney*, 509 U.S. 25, 33 (1993) (quoting *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989)) (holding that the Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety'"). Such claims under the Eighth Amendment require the plaintiff "to prove both the subjective and objective elements necessary to prove an Eighth Amendment violation." *Helling*, 509 U.S. at 35.

To satisfy the objective component for a claim based upon a failure to prevent harm, "the inmate must show he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (citations omitted). "To move beyond the pleading stage in this setting, an inmate must allege that he has been deprived 'of the minimal civilized measure of life's necessities.'" *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). "Alleging that prison conditions 'are restrictive and even harsh' does not suffice because such conditions 'are part of the penalty that criminal offenders pay for their offenses against society.'" *Id.*; *see also Hudson v. McMillian,* 503 U.S. 1, 9 (1992) ("[E]xtreme deprivations are required to make out a conditions-of-confinement claim [under the Eighth Amendment]. Because routine discomfort is part of the penalty that criminal offenders

pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (internal quotation marks and citations omitted).

To satisfy the subjective component, "an inmate must show that prison officials had a sufficiently culpable state of mind." *Berksire v. Beauvais*, 928 F.3d 520, 535 (6th Cir. 2019) (internal quotation marks and citations omitted). The United States Court of Appeals for the Sixth Circuit has explained as follows:

> [T]hat state of mind is one of deliberate indifference to inmate health or safety. Although the deliberate indifference standard describes a state of mind more blameworthy than negligence, this standard is satisfied if the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id*. (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citations and internal quotation marks omitted)).

Here, Plaintiff's allegations satisfy neither the objective nor subjective component. Plaintiff alleges only that Defendants either engaged in or permitted other officers to engage in "continued harassment" without specifying how the officers harassed him or whether such harassment reflected deliberate indifference to inmate health or safety. Plaintiff's conclusory allegations of harassment therefore fail to state a claim on which relief can be granted. *See Iqbal*, 556 U.S. at 678.

Finally, to the extent that Plaintiff advances a claim for retaliation for exercising his First Amendment right to file grievances, that claim must also be dismissed. "Prisoners have a First Amendment right to file grievances and access the courts without suffering retaliation for so doing." *Rodgers v. Hawley*, 14 F. App'x 403, 409–10 (6th Cir. 2001). A retaliation claim involves three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was

taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Here, Plaintiff satisfies the first element because the filing of grievances is protected by the First Amendment. *Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018) ("[A]n inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf.") (quoting *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)). However, Plaintiff cannot satisfy the second or third element because he fails to allege any adverse action taken against him by any of the Defendants. His conclusory allegations of "ongoing continued retaliation" are precisely the kind of "naked assertions devoid of further factual enhancement" that do not suffice under *Iqbal*. *See* 556 U.S. at 678. Plaintiff's First Amendment retaliation claim must therefore be dismissed.

## III. DISPOSITION

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. In addition, for the reasons above, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim on which relief may be granted.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations

to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE